In re JOHN HOPE & SONS ENGRAVING & MANUFACTURING CO.

(Circuit Court, D. Massachusetts. March 12, 1900.)

No. 791.

1. CUSTOMS DUTIES—CONSTRUCTION OF STATUTES.
    Tariff laws are addressed to the understanding of merchants, and as a general rule the descriptive language in such laws is to be taken in a commercial sense.

2. SAME—CLASSIFICATION—ENGRAVERS' TOOLS.
    Steel rods, 1⅛ of an inch in length and $3/16$ of an inch in diameter, tipped with diamond chips, and used in an engraving machine, are dutiable under paragraph 193 of the tariff act of 1897 (30 Stat. 167), as articles not specially provided for, composed wholly or in part of steel, and not under paragraph 434 (Id. 151), relating to jewelry and precious stones, as "precious stones set."

J. P. Tucker, for importer.

Boyd B. Jones, U. S. Atty., and Albert H. Washburn, Asst. U. S. Atty.

COLT, Circuit Judge. This is a petition for review of the decision of the board of general appraisers affirming the action of the collector, assessing a duty of 60 per cent. upon certain engravers' tools entered at the port of Boston during the year 1898.[1] The duties were paid by the importer under protest. The tool in question is composed of a short, slender steel rod, 1⅛ inches long and $3/16$ of an inch thick, pointed or tipped at one end with a small fragment of a diamond, commonly known as a "chip" or "bort." Its use is purely mechanical. It is attached to a double-bar engraving machine used solely by calico and other printers. In the form imported, it is incapable of any use. These tools were classified as "precious stones

set," under paragraph 434 of the act of July 24, 1897 (30 Stat. 151), which reads as follows:

"Jewelry and Precious Stones: Articles commonly known as jewelry, and parts thereof, finished or unfinished, not specially provided for in this act, including precious stones set, pearls set or strung, and cameos in frames, sixty per centum ad valorem."

The contention of the importer is that this merchandise is dutiable at 45 per cent. ad valorem, under paragraph 193 of said act, which covers "articles not specially provided for, composed wholly or in part of steel," or at 20 per cent. ad valorem, under section 6 of said act, as a nonenumerated article, manufactured or partly manufactured. From its appearance, composition, and use, it certainly strikes the ordinary mind that a construction of the statute which places this import for dutiable purposes in the category of "precious stones set," and under a paragraph which relates to "articles commonly known as jewelry," is somewhat forced, and that such a classification should not be adopted if it fairly comes within any other provision of the act. Tariff laws are addressed to the understanding of merchants, and, as a general rule, the descriptive language in such laws is to be taken in a commercial sense. Two Hundred Chests of Tea, 9 Wheat. 430, 439, 6 L. Ed. 128. The testimony of John B. Humphrey, a diamond cutter, which was not before the board of general appraisers, is that this article would not be considered, treated, bought, or sold, in the trade, as a precious stone set. According to his understanding as a merchant, a precious stone set is a stone that can be used for jewelry. In the case of a diamond, it would be a stone which has been cut and polished. Neither in a popular nor commercial sense can this article be regarded as a precious stone set. It can only be so considered in a technical sense, which should not govern in the classification of articles for dutiable purposes if other provisions of the law are found to be applicable. Upon the whole, it seems to me that these imports are more properly dutiable under paragraph 193, as articles not specially provided for, composed wholly or in part of steel, and subject to a duty of 45 per cent. ad valorem. The decision of the board of general appraisers is reversed.